Frank E. Scherkenbach (CA #142549/scherkenbach@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack (CA #162897/pollack@fr.com)
Tamara Fraizer (CA #215942 /fraizer@fr.com)
Michael R. Headley (CA # 220834/headley@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
Power Integrations, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYSTEM GENERAL CORPORATION, a Taiwanese corporation; and SYSTEM GENERAL USA, a California corporation,<br><br>Defendants. | Case No. C04 2581 JSW<br><br>**POWER INTEGRATIONS' OPPOSITION TO DEFENDANTS' MOTION TO EITHER SHORTEN OR ENLARGE TIME** AND ORDER THEREON<br>Date: May 30, 2008<br>Time:  9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge Jeffrey S. White |

On April 22, 2008, the Court lifted the stay that had halted these proceedings since December of 2006.  (Docket No. 166.)  The Court stated that it "shall hear [Power Integrations'] motion to dismiss on May 23, 2008, as noticed and the parties' briefs shall be due in accordance with the Local Rules.  If Defendants wish to move for a stay pending re-examination, they should file an appropriate motion and notice it for hearing in accordance with the Local Rules." (*Id.*)  The

1

Court said nothing about altering the briefing schedule, and indeed explicitly said that Power Integrations' motion to dismiss would be heard on the date it was noticed.

Power Integrations believes the Court's Order was clear, and there is no reason to change the current briefing schedule, as requested in SG's Motion to Either Shorten or Enlarge Time. Defendants give no reason for why a stay is preferable to the dismissal that Power Integrations seeks, and if the Court agrees with Power Integrations that this case should be dismissed, Defendants' motion to stay will be moot. Even if the Court were to place some restrictions on that dismissal, which seems to be the only real dispute between the parties, Defendants' motion to stay will still be moot.

The only way that Defendants' motion to stay will not be moot is if this Court decides not to dismiss the case, and in that event there will be ample time for the Court to hear Defendants' motion. There is no reason to deal with any motion to stay before the Court rules on Power Integrations' motion to dismiss (D.I. 162), as there are no looming deadlines that would somehow prejudice SG or otherwise require the Court to decide this issue on an expedited basis. Moreover, SG chose not to address the reasons it believes a stay is preferable to dismissal in its motion to stay, and as such created no overlap between the issues raised in the two motions to warrant hearing them on the same date. The reality is that Power Integrations' motion to dismiss will in all likelihood moot Defendants' motion to stay, and for that reason Defendants' request to expedite briefing on their motion should be denied. Indeed, rather than accelerating briefing, the Court should put off the briefing on SG's motion to stay entirely, pending the resolution of Power Integrations' motion to dismiss.

**CONCLUSION**

Power Integrations' respectfully requests that the Court deny SG's motion to expedite and continue any further briefing on SG's motion to stay pending the outcome of Power Integrations' own motion to dismiss.

**DECLARATION OF MICHAEL R. HEADLEY**

I am an associate with Fish & Richardson P.C., counsel of record in this action for Plaintiff, Power Integrations, Inc.. I am a member of the Bar of the State of California and of this Court. If called to testify, I could and would competently testify that the facts and representations stated in this Opposition to Defendants Motion to Either Enlarge or Shorten Time are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on April 29, 2008, at Redwood City, California.

/s/ Michael R. Headley
Michael R. Headley

**[PROPOSED] ORDER**

Having considered the issue submitted by the parties, IT IS HEREBY ORDERED that Defendants' Motion to Either Enlarge or Shorten Time is DENIED. ~~Any further briefing on Defendants' Motion for Stay of Litigation (D.I. 168) is stayed pending the outcome of the Court's decision on Plaintiff's motion to dismiss (D.I. 162).~~ Briefing on the motion to stay shall proceed under the Local Rules and the motion remains on calendar on May 30, 2008.

IT IS SO ORDERED.

May 5, 2008
Date

*Jeffrey S. White*
JEFFREY S WHITE
United States District Judge

3