IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br> SYSTEM GENERAL CORPORATION, et al.,<br><br>   Defendants.<br>_____/ | No. C 04-02581 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 23, 2008, AT 9:00 A.M.:

**Based on the parties' papers, the Court finds that the motion for stay, which is now ripe, should be heard on the same date as the motion to dismiss.  Accordingly, the Court is advancing the hearing date on that motion.  The parties shall be prepared to address both motions at the hearing on May 23, 2008.  The hearing set for May 30, 2008 is VACATED.**

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to

explain their reliance on such authority. The Court **tentatively grants** Power Integrations' motion to dismiss, on the condition that Power Integrations re-file any future suit against Defendants on the patents-in-suit in this judicial district. If Power Integrations is unwilling to accept that condition and seeks to withdraw its motion, the Court **tentatively grants** Defendants' motion to stay pending re-examination of the patents-in-suit.

The parties each shall have fifteen (15) minutes to address the following questions:

1. If the Court imposed as a condition of dismissal that Power Integrations re-file its claims in this district, would SG still oppose dismissal of its Counterclaims without prejudice? If the Court imposed such a condition, would Power Integrations withdraw its motion to dismiss? *See Lau v. Glendora School Dist.*, 792 F.2d 929, 930-91 (9th Cir. 1986). Does Power Integrations have any additional authority that the Court could not impose such a condition on a dismissal?

2. Given Power Integrations' statement that it does not intend to refile its suit immediately, what is System General's best argument that the Court should exercise its discretion to retain jurisdiction over the Counterclaims?

3. Power Integrations withdrew the '079 and '481 Patents from the ITC proceedings. Does it intend to maintain its claims in this action that Defendants infringe the '079 and '481 Patents?

4. Power Integrations notes that System General Corporation has been acquired by Fairchild Semiconductor. If this case goes forward, does Power Integrations intend to amend its complaint to include claims against Fairchild?

5. Are there any other issues the parties wish to address?

Dated: May 20, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2